O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| VERB TECHNOLOGY CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> BAKER & HOSTETLER LLP, et al., <br><br> Defendants. | Case No. 2:21-cv-06500-ODW (MAAx) <br><br> **ORDER REMANDING CASE SUA SPONTE** |

## I.  INTRODUCTION

On August 17, 2021, the Court ordered Defendant Baker & Hostetler LLP ("Baker") to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause ("OSC"), ECF No. 9.)  In its Notice of Removal, Baker alleged that Plaintiff Verb Technology Co., Inc., a corporation, was a citizen of Nevada and Utah, and that Baker, a limited liability partnership (LLP), had no citizenship in either of those states. (*See* Notice of Removal ("NOR") ¶ 10, ECF No. 1 (alleging the fifteen states of residence of Baker's 460 partners).)  The Court ordered Baker to address the following questions:

(1) In the Ninth Circuit, to which partners of a LLP should this Court look in analyzing diversity?

(2) Given the legal principle as established, what is the citizenship (not merely the residence) of each and every one of Baker's partners, and accordingly, of Baker itself?

(Minute Order 2–3.) The Court urged Baker to file declarations or other evidence in support of its jurisdictional contentions. (OSC 3.)

On August 26, 2021, Baker filed a Response consisting of a memorandum and three declarations, which Baker asserts establishes that the citizenship of its 460 partners is not Nevada or Utah. (Resp., ECF No. 13.) Upon this showing, Baker asserts complete diversity.

For the reasons that follow, Baker failed in its burden of production such that substantial doubt remains about diversity jurisdiction. Accordingly, the Court **REMANDS** this case for lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where the plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The existence of diversity of citizenship is determined as of the time the lawsuit is filed. *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962).

Federal courts have an obligation to determine the existence of subject matter jurisdiction, regardless of whether the parties raise the issue. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The court may raise the issue of subject matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed R. Civ. P. 12(h)(3).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing" subject matter jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

### III. ANALYSIS

Baker fails to make a sufficient showing of subject matter jurisdiction in at least three senses. First, Baker fails to clarify the types of partners comprising its LLP. Second, Baker's allegations and evidence of its partners' states of domicile is insufficient. Finally, Baker's query of its "approximately" 460 partners is insufficient because a single non-diverse partner would eliminate diversity jurisdiction.

### A. No Meaningful Response Regarding Types of Partners

In its OSC, the Court noted that courts must consider all members of an LLP, including the various types of partners, such as limited partners, general partners, equity partners, and non-equity partners. (*See* OSC 2.) However, Baker fails to address this authority, instead asserting simply that courts look to the partners of an LLP.

This is insufficient and nonresponsive to the Court's OSC. The Court ordered Baker to discuss its types of partners and their citizenship, or to establish that certain types of partners need not be considered in a diversity analysis in the Ninth Circuit. Instead, Baker lumps all its "partners" into a general category without specifying the types of partners comprising the LLP, and Baker fails to establish that the Court need not consider such distinctions. (*See generally* Decl. of Michele Merrill ("Merrill Decl."), ECF No. 13-2; *see generally* Decl. of John D. Parker ("Parker Decl."), ECF No. 13-3.) This response leaves the Court without sufficient information to determine Baker's citizenship.

### B. No Affirmative Evidence of Domicile of Partners

Baker's Response is also deficient because it lacks affirmative evidence of the domicile of the individuals it designates as partners, and consequently of the citizenship of Baker itself.

For unincorporated associations, including partnerships, district courts look to the citizenship of the members of the partnership. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship for diversity purposes is that of the members, not of the [unincorporated association].").

For the purpose of this analysis, the Court may properly assume Baker's member-partners are all attorneys, that is, natural persons. (*See* Parker Decl. ¶ 5); *cf.* Model Rules of Prof'l Conduct r. 5.4(a) (Am. Bar Ass'n 1983). A "natural person's state citizenship is . . . determined by her state of domicile," which is "where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile "may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009).

Baker submits three declarations in support of its Response. The first of the three declarations Baker submitted with its Response merely affirms that Plaintiff Verb is still a citizen of Utah and Nevada. (Decl. of Daniel F. Lula ¶¶ 4–5, ECF No. 13-1.) The second, from Baker's Director of Human Resources, indicates that, upon review of the company's records, (1) "none of [Baker's] partners list a residence in Utah or Nevada," (2) Baker has "no information on file to indicate that any partner pays taxes in Utah or Nevada," and (3) Baker "itself does not pay taxes on behalf of a partner in either Utah or Nevada." (Merrill Decl. ¶¶ 4–6.) Baker's General Counsel submits the third declaration and states he emailed each of Baker's approximately 460 partners to ask them if any of them (1) reside in Utah or Nevada, (2) pay taxes in either state, (3) are registered to vote in either state, or (4) otherwise believe themselves to be a citizen of

either state. (Parker Decl. ¶ 5.) As of the date Baker filed its Response, Baker's General Counsel had received no responses at all to his email. (*Id.* ¶ 6.)

The foregoing showing is insufficient. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship, including the domicile, of the relevant parties." *Kanter*, 265 F.3d at 857. This principle applies in equal force when a defendant is called upon to justify removal. *See Gaus*, 980 F.2d at p. 567 (reiterating courts may insist of a party asserting jurisdiction "that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence*"). That this task may be onerous due to the defendant's size is of no moment.

Baker has nowhere affirmatively alleged or declared the respective states of citizenship of each of its partners. Moreover, its evidentiary showing of citizenship is weak and incomplete, as it relies on the secondhand institutional knowledge of Baker, not the personal knowledge of its 460-some partners, as well as the partners' non-response to the General Counsel's email, which itself addressed only a limited number of domicile factors. Baker's allegations and evidence are incomplete and rely on too many untenable inferences.

When called upon to do so, a removing party must, to meet its burden of production, present *affirmative* allegations and evidence of the of the "actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at p. 567. Baker has not done so; its demonstration of the citizenship of each of its partners leaves diversity jurisdiction in substantial doubt.

**C. Doubts Regarding Number of Admitted Partners**

Finally, and apart from the question whether Baker's definition of "partner" is the correct one, Baker fails to demonstrate it scrupulously included in its investigation each and every person who would be considered a partner under Baker's own definition. When determining the citizenship of an unincorporated entity, including a LLP such as

Baker, courts must look to *all* the entity's members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."). Baker's General Counsel declares that he emailed his questions about citizenship factors to Baker's "approximately 460 partners." (Parker Decl. ¶ 5.) That Baker's General Counsel declares only that he emailed an "approximate" number of partners raises additional material doubts as to whether evidence of all partners is properly before the Court. Because even one non-diverse partner would destroy diversity, *Carden*, 494 U.S. at 195–96, the Court must remain firm in demanding a complete showing.

## IV. CONCLUSION

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021). Here, after ordering Baker to demonstrate diversity of citizenship legally and factually, diversity remains unproven and in substantial doubt. Accordingly, the Court cannot conclude that diversity jurisdiction exists and must remand.

The Court hereby **REMANDS** this action to the Superior Court of California, 111 N. Hill St., Los Angeles, CA, 90012, Case No. 21STCV18387. All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

September 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**